Liza M. Walsh
Christine I. Gannon
Selina M. Ellis
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100

Carla Rose Karp
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel.: (973) 443-3261

*Attorneys for Actavis Pharma, Inc.,*
*Actavis LLC, improperly named as Actavis, LLC,*
*Teva Pharmaceuticals USA, Inc., and specially appearing Teva Pharmaceuticals Industries Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COUNTY OF MONMOUTH, OHIO CARPENTERS' HEALTH FUND, JACQUELINE HARRIS, and CARLA MAJOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC., APOTEX CORP., LUPIN PHARMACEUTICALS, INC., LUPIN LTD., NOSTRUM LABORATORIES, INC., NOSTRUM PHARMACEUTICALS, LLC, CVS HEALTH CORPORATION, RITE-AID CORPORATION, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., ACTAVIS PHARMA, INC., ACTAVIS, LLC, EMCURE LTD., HERITAGE PHARMACEUTICALS, INC d/b/a AVET PHARMACEUTICALS INC., GRANULES USA, INC., AMNEAL PHARMACEUTICALS, INC., AMNEAL PHARMACEUTICALS LLC, AVKARE, INC., ALKEM LABORATORIES LTD., ASCEND LABORATORIES, LLC, JOHN DOES 1-100,<br><br>Defendants, | Case No. 2:23-cv-21001 (MCA-MAH)<br><br>**STIPULATION AND PROPOSED VOLUNTARY DISMISSAL ORDER**<br><br>*Filed Electronically* |

WHEREAS, on October 9, 2023 Plaintiffs filed their Class Action Complaint ("Complaint") in the above-captioned action (ECF No. 1),

WHEREAS, the Complaint names several defendants including, specially appearing Teva Pharmaceutical Industries, Ltd. ("Teva Ltd."), as well as Teva Pharmaceuticals USA, Inc. ("Teva USA"), Actavis Pharma, Inc. ("Actavis Pharma"), and Actavis LLC, improperly named as Actavis, LLC ("Actavis LLC") (collectively, "Teva domestic subsidiaries");

WHEREAS, the undersigned counsel for Plaintiffs, Teva Ltd., Teva USA, Actavis Pharma, and Actavis LLC (collectively "the Parties") have conferred as to the continued presence of Teva Ltd. in the above-caption action and hereby stipulate, subject to the approval of the Court, to dismiss without prejudice the Complaint filed by Plaintiffs against Teva Ltd. in this action pursuant to Fed. R. Civ. P. 41(a)(2), subject to the following conditions, and with the action continuing against the Teva domestic subsidiaries:

1.      Teva Ltd. stipulates that the Teva domestic subsidiaries that are named defendants in the above-captioned action can satisfy a judgment entered in this matter against the Teva domestic subsidiaries.

2.      Teva Ltd. and the Teva domestic subsidiaries stipulate that to the extent any of Teva Ltd. documents, witnesses, or other information are relevant to this litigation, such materials are in the Teva domestic subsidiaries custody and control for purposes of discovery in this lawsuit.

3.      Pursuant to paragraph 2 above, Teva Ltd. and the Teva domestic subsidiaries agree that any discovery requests directed to the Teva domestic subsidiaries, including Production Requests, Admission Requests, and Interrogatories, will be understood and interpreted as seeking discovery/responses, subject to any objections, from the Teva domestic subsidiaries and Teva Ltd. The Teva domestic subsidiaries will respond to discovery requests for information in the possession, custody, or control of the Teva domestic subsidiaries and Teva Ltd., subject to any objections, including requests for deposition testimony, and will not raise issues of documents or witnesses being in the possession, custody, or control of only Teva Ltd. as a basis for not producing them.

4.      If the parties agree that a Teva Ltd. employee is a necessary fact witness, the witness will be made available for deposition upon notice to the Teva domestic subsidiaries, without the need for: (a) service of subpoenas; or (b) if located outside the United States, adherence to the procedures of The Hague Convention or other methods of foreign service. The Teva domestic subsidiaries will accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by Teva Ltd., and the witness presented in response thereto, subject to any objections, shall investigate information in the possession, custody, or control of Teva Ltd. if necessary to prepare for the noticed topics. If the parties disagree as to whether the Teva Ltd. employee is a necessary fact witness, then the parties shall present the matter to the Court for resolution. The Teva domestic subsidiaries will not use as a basis for objecting to any deposition notice of a Teva Ltd. employee served by Plaintiffs the fact that: (i) an individual is an employee of Teva Ltd.; (ii) Teva Ltd. is not a party to this action; (iii) Plaintiffs did not serve a third-party subpoena for the noticed individual or entity; (iv) Plaintiffs did not adhere to the procedures of the Hague Convention or other methods of foreign service/discovery; or (v) that the Court lacks

personal jurisdiction over Teva Ltd. In the event that the Court orders that the deposition of the Teva Ltd. employee shall be taken, then the Teva Ltd. employee will be made available for deposition pursuant to the Court's Order, without requiring that Plaintiffs adhere to the procedures of The Hague Convention.

     5.    The Court retains jurisdiction over Teva Ltd. for the limited purpose of enforcing the terms of this stipulation.

     6.    This stipulation does not constitute a waiver of any objection or defense, including any jurisdictional defenses, to, or any privilege or immunity from, the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

SO STIPULATED on this 16th day of January, 2024.


s/Ruben Honik
Ruben Honik
HONIK LLC
1515 Market Street, Ste. 1100
Philadelphia, PA 19102
(267) 435-1300

Joseph P. Guglielmo (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
Donald A. Broggi (*pro hac vice* forthcoming)
Michelle Conston (*pro hac vice* forthcoming)
230 Park Avenue, 17th Floor
New York, New York 10169
Tel: (212) 223-6444


Lyndsey K. Bates (*pro hac vice* forthcoming)
ASHER KELLY ATTORNEYS AT LAW
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Tel: (248) 746-2753


Charles E. Schaffer (*pro hac vice*)
LEVIN SEDRAN & BERMAN, LLP

s/Liza M. Walsh
Liza M. Walsh
Christine I. Gannon
Selina M. Ellis
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Of Counsel*:
Carla Rose Karp
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 443-3261

Lori G. Cohen (*pro hac vice* forthcoming)
Victoria D. Lockard (*pro hac vice* forthcoming)
Bardia Sergent (*pro hac vice* forthcoming)
GREENBERG TRAURIG, LLP

510 Walnut Street – Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

*Counsel for Plaintiffs*

3333 Piedmont Rd., NE Suite 2500
Atlanta, Georgia 30305
(678) 553-2385

Nilda M. Isidro (*pro hac vice* forthcoming)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9335

*Attorneys for Actavis Pharma, Inc.,
Actavis LLC, improperly named as Actavis,
LLC, Teva Pharmaceuticals USA, Inc., and
specially appearing Teva Pharmaceuticals
Industries Ltd.*

SO ORDERED on this _____ day of _____, 2024,

_____
HON. MADELINE COX ARLEO, U.S.D.J.

4